The Honorable William L. "Bill" Walker, Jr. State Representative P.O. Box 1609 Little Rock, AR 72203-1609
Dear Representative Walker:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. You have asked the following specific question:
 Whether the custodian of records (i.e., the Little Rock School District) may allow those records to be withdrawn by the party submitting those records (i.e., job applications with accompanying documents) without violating the FOIA where a request has been made for those records before the applicant is allowed to withdraw the record?
It is my opinion that the answer to this question is "no." It is clear that the job applications are public records subject to inspection and copying under the FOIA once they are submitted to and kept by the school district. When an FOIA request is made for such records, it is my opinion that the agency's action in permitting withdrawal would be contrary to the act.
This conclusion is compelled by a liberal reading of the FOIA, as required by the Arkansas Supreme Court. See Laman v. McCord,245 Ark. 401, 432 S.W.2d 753 (1968). Section 25-19-103(1) (Repl. 1992) states that "[a]ll records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." And except as otherwise specifically provided, "all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." A.C.A. § 25-19-105(a). The FOIA therefore appears to contemplate immediate access to records, unless the records sought are "in active use or storage and, therefore, not available at the time a citizen asks to examine [them]." A.C.A. §25-19-105(e). The custodian must then set a date and hour within three working days when the records will be available. Id. It seems clear, however, that the right to inspect and copy the records is triggered by the FOIA request. Any delay in making the records available is authorized only as a matter of necessity.
It should be noted in addressing this question that the FOIA governs access to public records and does not address the actual management, i.e., preservation, destruction or transfer of the records. As a general matter, therefore, it appears that an agency could develop a policy permitting withdrawal of job applications by prospective employees.[1] If, however, an FOIA request is made prior to the actual return of the record(s) to the applicant, it is my opinion that the record(s) must be made available to the requester. Certainly, there is nothing in the FOIA compelling an agency to permit the withdrawal of public records. Indeed, any doubt in this regard would likely be resolved against any claim that the person submitting a records has the right to demand its return. My research has yielded no support for that proposition in connection with public records. As noted above, records are presumed to be public records when they are maintained in public offices or by public employees. Any policy permitting withdrawal of public records could not, in my opinion, operate directly or indirectly to thwart the FOIA.
In conclusion, therefore, it is my opinion that the records must be made available once the FOIA request is made, notwithstanding the fact that a request has been made for their withdrawal.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Any policy involving the relinquishment of public records would, however, need to be closely scrutinized. Certainly, an agency cannot permit the withdrawal of records in order to avoid disclosure under the FOIA. As stated in J. Watkins, The ArkansasFreedom of Information Act (m m Press 1988), "[i]f the agency retains control of the records in the sense that it can demand their return, those records should be considered in the agency's possession for FOIA purposes." Id. at 10. Cf. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990). Professor Watkins also notes that "an agency's destruction of records after receipt of a proper FOIA request covering those materials would obviously be a denial of access and, therefore, a violation of the statute." Id. at 10-11. Additionally, in some cases the retention and disposition of particular records is governed by specific statutory authority. See, e.g., A.C.A. §6-18-213(a)(4) (Cum. Supp. 1991) (requiring that school districts maintain basic student attendance records for three years).